|   |   |
|---|---|
| 1  | |
| 2  | |
| 3  | |
| 4  | |
| 5  | |
| 6  | |
| 7  | |
| 8  | UNITED STATES DISTRICT COURT |
| 9  | SOUTHERN DISTRICT OF CALIFORNIA |
| 10 | |

| | |
|---|---|
| CAROLINE VILLALPANDO, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1 THROUGH 10, inclusive, <br><br> Defendants. | Case No.: 19-CV-2055 JLS (BGS) <br><br> **ORDER REMANDING ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO** <br><br> (ECF No. 1) |

On November 29, 2018, Plaintiff Caroline Villalpando filed a complaint in the Superior Court of the State of California, County of San Diego, related to injuries sustained when she fell down the escalator after she "was shown to the escalator rather than provided with pre-arranged wheelchair assistance" following a flight on Defendant's airline. *See* ECF No. 1-2 at A-6. On May 9, 2019, Defendant removed to this Court on the grounds that "[t]his is a civil action where the amount in controversy appears to exceed $75,000 and the parties are citizens of different states." *See* Notice of Removal at ¶ 2, *Villalpando v. Sw. Airlines Co.*, No. 19-CV-875 JLS (BGS) (S.D. Cal. filed May 9, 2019) ("*Villalpando I*"), ECF No. 1. To establish that the amount in controversy exceeded $75,000, Defendant relied on a "Statement of Damages" provided by Plaintiff "wherein it is alleged that Plaintiff is seeking damages in the amount of $5,000,000." *Id.* ¶ 9.

On May 14, 2019, the Court *sua sponte* remanded the action on the grounds that Defendant had "failed to produce evidence to meet its burden of showing by a preponderance of the evidence that the amount in controversy attributable to Plaintiff's claims exceeds the $75,000 threshold." *See* Order Remanding Action to the Superior Court of the State of California, County of San Diego, at 3, *Villalpando I*, ECF No. 6 (citing *Schroeder v. PetSmart, Inc.*, No. CV191561FMOAGRX, 2019 WL 1895573, at *3 (C.D. Cal. Apr. 29, 2019)). "Following the remand to Superior Court, Southwest prepared and served written discovery requests designed to verify whether or not Plaintiff's claimed damages exceeded the required amount in controversy." ECF No. 1 ¶ 9. "On September 27, 2019, . . . Plaintiff admit[ted], under penalty of perjury, that her claim exceeds $75,000 in value; that she will or has experienced more than $75,000 in economic damages; and also that she will or has separated experienced more than $75,000 in non-economic damages and future damages (for a total claim in excess of $150,000 by virtue of Plaintiff's admissions)." *Id.* ¶ 10. "[B]ased upon these recent responses to Southwest's discovery requests, including Plaintiff's responses to requests for admissions, . . . Southwest now believes sufficient evidence is presented to confirm that the amount in controversy will exceed $75,000." *Id.* ¶ 12. Consequently, on October 25, 2019, Defendant again removed this action, again contending that "the amount in controversy appears to exceed $75,000 based on available information." *See id.* ¶ 2.

Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." "In light of the prohibition against review of a remand order in § 1[4]46(d), once a district court has remanded a case, a defendant generally may not remove the case to federal court a second time." *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1061–62 (C.D. Cal. 2014) (alteration in original) (quoting *Lodi Mem'l Hosp. Ass'n, Inc. v. Blue Cross of Cal.*, No. CIV. 12 1071 WBS GGH, 2012 WL 3638506, at *3 (E.D. Cal. Aug. 22, 2012)). "Stated differently, 'a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action.'" *Id.* at 1062 (quoting *Allen v.*

*UtiliQuest, LLC.*, No. CV 13-4466 SBA, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9 2014)) (citing *Seedman v. U.S. Dist. Ct. for C.D. Cal.*, 837 F.2d 413, 414 (9th Cir. 1988); *Andersen v. Schwan Food Co.*, No. CV 13-02208 JGB, 2014 WL 1266785, at *4 (C.D. Cal. Mar. 26, 2014)). "This general prohibition on successive removals, however, does not apply 'when subsequent pleadings or events reveal *a new and different* ground for removal.'" *Id.* at 1062–63 (emphasis in original) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)) (collecting cases). "Indeed, 'absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11.'" *Id.* at 1063 (quoting *Fed. Home Loan Mortg. Corp. v. Pulido*, No. CV 12-04525 LB, 2012 WL 5199441, at *2 (N.D. Cal. Oct. 20, 2012).

"[I]t is the grounds discussed in the remand order, rather than the grounds alleged in the notice of removal, that govern whether a successive removal is based on 'new and different' grounds." *Id.* at 1066–67 (citing *Domenico v. Veolia Transp., Inc.*, No. 10-CV-02104 WYD, 2010 WL 3516901, *1 (D. Colo. Aug. 31, 2010); *Andersen*, 2014 WL 1266785 at *4). The operative question, therefore, is whether the grounds for removal in Defendant's instant Notice of Removal are "'new and different' from those addressed in the [C]ourt's prior remand [O]rder." *Id.* at 1065 (quoting *Seedman*, 837 F.2d at 414; *Allen*, 2014 WL 94337, at *2).

The Court concludes that they are not. In its prior removal, Defendant claimed that the amount in controversy exceeded the $75,000 jurisdictional threshold on the basis on Plaintiff's $5,000,000 statement of damages. The Court concluded that Defendant had failed to meet its burden of establishing by a preponderance of the evidence that the amount in controversy exceeded $75,000. Consequently, Defendant "was at least aware that Plaintiff's medical expenses and potential medical expenses could have well exceeded $75,000 . . . , [but] failed to provide such information to the Court." *See B.C. ex rel. Coleman v. Ngo*, No. CV 18-05913 RSWL-JPR, 2019 WL 2897848, at *2 (C.D. Cal. July 2, 2019). "Because [Defendant] brings its successive removal on the same grounds as its

first removal, and given that there has been no 'relevant change of circumstances,'" remand is appropriate. *See id.* at *3 (quoting *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015)).

In any event, Plaintiff's responses to Defendant's requests for admission fails to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. As with the Statement of Damages, Plaintiff's bare admission "is entirely conclusory[,] . . . provid[ing] no information that indicates it is a realistic assessment of damages, or that it is based on facts that could be proved at trial. Hence it appears to be nothing more than a bold optimistic conclusion that is not sufficient to carry [Defendant]'s burden of proving the amount in controversy." *Leon*, 76 F. Supp. 3d at 1070 (quoting *Romsa v. Ikea U.S. W., Inc.*, No. CV 14-05552 MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014)) (internal quotation marks omitted) (citing *Aparicio v. Abercrombie & Fitch Stores Inc.*, No. CV 13-09209 MMM (Ex), 2014 WL 545795, at *6 (C.D. Cal. Feb. 10, 2014); *Owens v. Westwood Coll. Inc.*, No. CV 13-4334 CAS (FFMx), 2013 WL 4083624, at *3 (C.D. Cal. Aug. 12, 2013)). The Court therefore **REMANDS** this action to the Superior Court of the State of California, County of San Diego. *See id.* at 1072 ("[B]ecause [Defendant]'s second notice of removal is premised on the facts addressed in the court's remand order, the court lacks jurisdiction to entertain the second removal petition. For this reason, the court must remand the action to state court. Even if court could exercise jurisdiction over the removal, moreover, [Defendant] has failed to carry its burden of proving that the amount in controversy requirement is satisfied. For this reason as well, remand is appropriate.").

**IT IS SO ORDERED.**

Dated: November 13, 2019

Hon. Janis L. Sammartino
United States District Judge